24-1984-cr
*United States v. Drupatie Singh*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand twenty-six.

Present:

GERARD E. LYNCH,
EUNICE C. LEE,
ALISON J. NATHAN,
    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

    *Appellee,*

    v.                             No. 24-1984-cr

DRUPATIE SINGH,

    *Defendant-Appellant.*

_____

For Appellee:                                  JOHN VAGELATOS, Assistant United States Attorney (Nicholas J. Moscow, Assistant United States Attorney, *on the brief*), *for* John J. Durham, United

States Attorney for the Eastern District of New York, Brooklyn, NY.

For Defendant-Appellant:                    EDWARD S. ZAS,
                                            Federal Defenders of New
                                            York, Inc., Appeals Bureau,
                                            New York, NY.

Appeal from a July 24, 2024 amended judgment of the United States District Court for the Eastern District of New York (Brown, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, the case is **REMANDED** to the district court for it to **VACATE** the sentence and **RESENTENCE**.

Defendant-Appellant Drupatie Singh appeals from the district court's amended judgment of conviction following her guilty plea to a one-count information charging her with wire fraud in violation of 18 U.S.C. § 1343. The district court sentenced Singh principally to fifty-seven months' imprisonment and three years of supervised release. On appeal, Singh challenges the imposition of a special condition of supervised release requiring that she engage in at least thirty hours per week of paid employment or else perform an equivalent amount of community service.

Singh's conviction stemmed from a law enforcement investigation that revealed that Singh, a former bookkeeper for Wolfsohn Financial Services ("Wolfsohn"), defrauded multiple Wolfsohn clients between 2013 and 2022, causing more than $300,000 in losses. As part of her scheme, Singh falsely represented to Wolfsohn clients that they owed payments to the New York State Department of Taxation and Finance ("DTF"), that they could avoid penalties by delivering money orders to her, and that she would use the funds to satisfy the payments purportedly owed to DTF.

2

Instead, upon receiving those payments, Singh would deposit them into her own account. Additionally, Singh fraudulently inserted client bank account information into the DTF's and the IRS's online services accounts, causing funds to be withdrawn improperly from the clients' bank accounts. Singh then made false statements to the DTF and IRS that resulted in the agencies returning those funds to accounts belonging to Singh or a relative of hers. While released on bail, Singh engaged in further misconduct and was charged in New York state court with various larceny felonies for embezzling more than $140,000 from her new employer.

On July 15, 2024, before imposing Singh's sentence, the district court concluded that her criminal activity was one "of exceptional magnitude and exceptional brazenness." App'x 155. And, relevant here, in sentencing Singh, the district court imposed a "work condition" as a special condition of supervised release, stating, "[h]opefully, you'll have paying work, but if you can't have paying work, you do volunteer work because I believe that will keep you out of trouble[.]" *Id*. at 159. The district court's written judgment reflected the following:

> The defendant shall maintain at least 30 hours per week of verifiable employment either paid or community service in a manner approved by the U.S. Probation Office. The defendant will cooperate in allowing the U.S. Probation Office to confirm the community service is completed.

*Id*. at 173. Singh appeals the imposition of this special condition.

*                    *                    *

Where, as here, a defendant failed to object to the imposition of a condition of supervised release during sentencing, we review for plain error. *See United States v. Dupes*, 513 F.3d 338, 343 (2d Cir. 2008). To satisfy plain-error review, an appellant must show that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome

3

of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks omitted) (alteration adopted).

The government raises a threshold issue of whether Singh's challenge to the community service condition is ripe, given its contingent nature. We recently gave guidance on this question in *United States v. Jimenez*, 175 F.4th 341, 353–55 (2d Cir. 2026). *Jimenez* concluded that the ripeness of such a condition is determined not by its "contingent nature" but rather by the specific legal issues raised by the challenge to the contingent condition; if the challenge relies solely on questions of law—including, for example, a challenge to the amount of hours imposed—then the challenge is ripe. *Id.* at 354–55 ("Here, the community service provision requires twenty hours of community service per week *if* Jimenez is not employed and not excused from employment. . . . Jimenez's challenge based on the 400-hour threshold is focused on the legality of the condition's *current* terms and is fit for review." (emphasis in original)). Singh's challenge is of that type. She argues that, as imposed, the condition authorizes up to thirty hours per week of community service without an express cap and without sufficient individualized justification. That argument presents a legal challenge to the condition "as written." *Id.* at 354. Under *Jimenez*, such a challenge is ripe because it concerns the condition's current legal validity, even though the obligation to perform community service will arise only if Singh is unemployed and not otherwise excused. Accordingly, we may review the condition. We now turn to whether the district court plainly erred in imposing it.

The pertinent Sentencing Commission policy statement provides that "[c]ommunity service generally should not be imposed in excess of 400 hours." *See* Application Note 1 to

4

U.S.S.G. § 5F1.3. We have held that this Note refers to 400 hours of service over "a supervisee's entire term of supervised release, rather than a yearly cap." *United States v. Parkins*, 935 F.3d 63, 66 (2d Cir. 2019). Though the Note's "proscription of more than 400 hours of supervised release . . . applies only generally" and thus allows for conditions exceeding it in appropriate cases, *id.* (internal quotation marks omitted), "the [district] court must conduct an individualized assessment" and its reasoning "must be supported by the record," *United States v. Sims*, 92 F.4th 115, 123–24 (2d Cir. 2024). Here, the district court imposed a special condition requiring, unless Singh can find verifiable employment, 30 hours of community service per week for Singh's three-year term of supervised release, which greatly exceeds the recommended limit of 400 hours. However, we find nothing in the record here to justify the imposition of the community service condition. The district court's explanation for the special condition did not involve an *individualized assessment* with reasoning supported by the record to explain how Singh's particular circumstances, criminal history, or the nature of her offense reasonably relates to the imposition of community service.

While the district court imposed the special condition based on its understanding that paid or volunteer work would "keep [Singh] out of trouble," App'x 159, that justification ignores the fact that Singh committed her crime while gainfully employed and, indeed, by means available only by reason of her employment. That fact distinguishes *Jimenez*, for example, where we found a similar condition justified because the defendant had a "checkered work history" and acknowledged "that certain periods of his criminal history overlapped with periods of unproductivity." 175 F.4th at 357. The condition there thus served to "deter[] further criminal conduct by ensuring [Jimenez] stay[ed] engaged in legal endeavors." *Id.* Here, the record

offers nothing comparable.    That is not to say that the district court may not impose this condition. But it cannot do so based on the justification it offered at sentencing.    Because the district court failed to offer an adequate reason here, we **REMAND** to the district court for it to **VACATE** the sentence and **RESENTENCE.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court